**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

HEIDY MILADYS VELASQUEZ BAYONA,

Petitioner,

v.

WARDEN, Imperial Regional Detention Facility; ACTING FIELD OFFICE DIRECTOR, Enforcement and Removal Operations, Immigration and Customs Enforcement; ACTING DIRECTOR, Immigration and Customs Enforcement; SECRETARY, Department of Homeland Security; and ATTORNEY GENERAL, Department of Justice;

Respondents.

Case No.: 3:26-cv-04906-BTM-DEB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**

**[ECF NOS. 1, 2]**

//

//

//

Heidy Miladys Velasquez Bayona petitioned the Court for the writ of habeas corpus on August 28, 2026. She claimed that she was detained in violation of 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment. (ECF No. 1 ¶ 72–75, at 28–29.) She requested that the Court order her immediate release, "subject only to reasonable nonpunitive reporting conditions," or alternatively, a constitutionally adequate bond hearing within forty-eight hours. (*Id.* at 29–30.) She also moved the Court for a temporary restraining order ("TRO"). (ECF No. 2.) After the Court ordered the Government to show cause whether the petition should be granted, the Government stated it "does not oppose the petition and defers to the Court on the appropriate relief." (ECF No. 4, at 1.)

Accordingly, the petition for a writ of habeas corpus is **GRANTED** and the writ is **ISSUED**. (ECF No. 1.) The Government shall immediately release the Petitioner from custody, subject only to reasonable nonpunitive reporting conditions. The Government shall return any property obtained from the Petitioner at the time of her arrest. The Respondents and their agents are enjoined and restrained from taking the Petitioner into custody for removal unless upon articulable changed circumstances from those presently existing. *See Esquivel Pacheco v. LaRose*, 818 F. Supp. 3d 1168, 1180–81 (S.D. Cal. 2026). The parties shall file a statement as to the satisfaction of the writ by August 31, 2026, at 12 p.m. The Court retains jurisdiction to enforce the writ. The status hearing set for August 31, 2026, is **VACATED**. The Petitioner's motion for a TRO is **DENIED** as moot. (ECF No. 2.)

The Petitioner may move for an award of fees within thirty (30) days of the entry of this Order. The Government shall respond within fourteen (14) days of the filing of the motion and the Petitioner may reply within seven (7) days of the filing of the opposition.

**IT IS SO ORDERED.**

Dated: August 29, 2026

Honorable Barry Ted Moskowitz
United States District Judge